IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In the Matter of the Title to the M/V MISS DIXIE<br><br>and<br><br>HEX STONE INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>JRC MARINE, LLC, RANNY FITCH, and LARRY FITCH,<br><br>Defendants. | ) | Case No.: |

**COMPLAINT**

COME NOW the Motor Vessel MISS DIXIE, and its owner, HEX STONE INCORPORATED, and for their Complaint, state:

Jurisdiction

1. This is an action for breach of a maritime contract, and to quiet title to a vessel documented under the laws of the United States. This Court has jurisdiction pursuant to 28 U.S.C. § 1333. It is a claim for relief within the Court's admiralty and maritime jurisdiction under Rule 9(h) of the Federal Rules of Civil Procedure.

2. Venue is proper in this district because the M/V MISS DIXIE is now, or will be during this proceeding, within the jurisdiction of this Court. Moreover, Plaintiff Hex Stone Incorporated is a Missouri corporation with its principal place of business in Louisiana, Missouri, and Hex Stone entered into the contract at issue in Missouri.

Count I: Breach of Contract – JRC MARINE LLC

3. The Motor Vessel MISS DIXIE is a twin-engine, steel-hulled, inland river towboat built in 1961, with approximately 2400 horse power, and documented with the United States Coast Guard under the laws of the United States, official number 280525.

4. Plaintiff Hex Stone Incorporated is a Missouri corporation in good standing, with its principal place of business in Louisiana, Missouri.

5. Hex Stone owns the M/V MISS DIXIE.

6. Defendant JRC Marine is a Texas Limited Liability Company, with its principal place of business in Richmond, Texas.

7. Defendant Ranny Fitch is a resident of Texas.

8. Hex Stone chartered the M/V MISS DIXIE to JRC Marine, LLC by bareboat charter agreement dated June, 5, 2018. A copy of that Bareboat Charter Agreement is attached hereto as Exhibit A.

9. Pursuant to the attached Bareboat Charter Agreement, Defendant JRC Marine agreed to charter the MISS DIXIE at $750 per day for five years, to maintain the boat, and return the boat in as good a condition and working order as when first delivered, ordinary wear and tear excepted. (Ex. A, ¶ 13.1).

10. The charter agreement precluded Defendant JRC Marine from incurring any liens on the boat.

11. Defendant Ranny Fitch, manager of JRC Marine, personally guaranteed redelivery of the MISS DIXIE as required by the charter agreement, free and clear of liens. (Ex. A, ¶ 13.4).

12. Defendant JRC Marine failed to make charter payments while chartering the boat, missing some payments, and making only partial payments at other times.

13. On or before March 11, 2019, JRC Marine abandoned the MISS DIXIE at a shipyard in Houma, Louisiana, approximately 10 months into the charter.

14. When Hex Stone learned that the boat had been abandoned in Houma, Louisiana, it had been stripped of certain equipment, including rigging and other items which are yet to be fully inventoried, all owned by Hex Stone.

15. Ranny Fitch sent Hex Stone an email on March 11, 2019, notifying Hex Stone that JRC Marine was cancelling the bareboat charter.

16. After learning that JRC abandoned the boat, Hex Stone also learned that parties asserted liens on the boat, including:

a. Defendant Dale's Welding and Fabricators, LLC, which asserted a lien for $6,622.16 for work on the MISS DIXIE; and

b. Defendant Larry Fitch, who asserts a lien for consulting service provided to JRC Marine.

17. Hex Stone paid $6,622.16 to Dale's Welding and Fabricators on March 18, 2019, for the welding performed on the boat, for which it asserted a lien.

18. JRC Marine breached the charter agreement in, among other respects:

a. Failing to pay charter before abandoning the boat;

b. Failing to continue the charter for at least one year, or to provide 60 days notice of cancellation at the expiration of one year;

c. Failing to return the boat to Louisiana, Missouri;

d. Failing to maintain the boat in its pre-charter condition;

e. Removing without permission rigging, parts, and other items from the boat that did not belong to JRC Marine;

f. Incurring liens on the boat.

19. The charter agreement provides that the breaching party shall be responsible for all costs and expenses, including reasonable attorneys' fees.

20. The total damages from JRC Marine's breach of the charter is currently unknown but, as near as can be estimated at present, is about $300,000, plus costs and attorneys' fees.

21. Plaintiff Hex Stone complied with its obligations under the charter agreement.

WHEREFORE, Plaintiff Hex Stone requests judgment against JRC Marine for its damages from the breach of the charter agreement, the exact amount of which will be proven at trial, but as near as can be estimated at present is about $300,000, plus costs and attorney fees, and all other relief to which Hex Stone is entitled.

Count II – Personal Guarantee – Ranny Fitch

22. Plaintiff Hex Stone restates the allegations in paragraphs 1-21 as if set forth fully herein.

23. Ranny Fitch is personally responsible under the charter agreement for JRC Marine's breach of its re-delivery and lien obligations.

24. The total damages from JRC Marine's breach of the charter is currently unknown but, as near as can be estimated at present, is about $300,000, plus costs and attorneys' fees.

25. As personal guarantor, Ranny Fitch is responsible for the damages caused by JRC Marine in the approximate amount of $300,000, plus costs and attorneys' fees.

WHEREFORE, Plaintiff Hex Stone requests judgment against Ranny Fitch for its damages, the exact amount of which will be proven at trial, but as near as can be estimated at present is about $300,000, plus costs and attorney fees, and all other relief to which Hex Stone is entitled.

Count III: Quiet Title – Larry Fitch

26. Plaintiff Hex Stone restates the allegations in paragraphs 1-25 as if set forth fully herein.

27. This action to quiet title arises under Rule D of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which permits this Court to adjudicate title disputes of vessels in admiralty.

28. Larry Fitch filed a notice with the U.S. Coast Guard, asserting a lien on the M/V MISS DIXIE in the amount of $18,000. A copy of the Abstract of Title reflecting that notice is attached hereto as Exhibit B.

29. Larry Fitch advised Hex Stone by telephone that the lien arose from consulting service Larry Fitch purportedly provided to JRC Marine.

30. The alleged lien by Larry Fitch is invalid, as JRC Marine had no authority to incur liens, and the alleged services were not "necessaries" provided to the MISS DIXIE.

WHEREFORE, Plaintiff Hex Stone requests judgment against Larry Fitch, invalidating his lien, and entering judgment quieting title in Hex Stone to the MISS DIXIE, free and clear of any lien by Larry Fitch, and awarding Hex Stone such damages as are fair and reasonable, plus costs and attorney fees, and all other relief to which Hex Stone is entitled.

Count IV: Improper Notice of Claim of Lien - Larry Fitch

31. Plaintiff Hex Stone restates the allegations in paragraphs 1-30 as if set forth fully herein

32. The services Larry Fitch purportedly provided to JRC Marine do not create a maritime lien.

33. Larry Fitch knew, or by the exercise of reasonable care should have known, that the services he allegedly provided to JRC Marine were not necessaries provided to the vessel when he filed with the U.S. Coast Guard a Notice of Claim of Lien on the M/V MISS DIXIE.

34. Larry Fitch knew, or by the exercise of reasonable care should have known, that JRC Marine had no authority to incur liens on the MISS DIXIE.

35. Pursuant to 46 U.S.C. § 31343, Hex Stone is entitled to costs and attorney fees from Larry Fitch for his improper filing of the Notice of Claim of Lien.

WHEREFORE, Plaintiff Hex Stone requests judgment against Larry Fitch, awarding Hex Stone such damages as are fair and reasonable, plus costs and attorney fees, and all other relief to which Hex Stone is entitled.

TONKIN & MONDL, L.C.
/s/ James K. Mondl
James K. Mondl #3883
701 Market Street, Suite 260
St. Louis, MO 63101
Tel: (314) 231-2794
Fax: (314) 231-1481
jmondl@tonkinmondl.com

ATTORNEY FOR HEX STONE INC.