UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HEX STONE INCORPORATED** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-12264** |
| **JRC MARINE, LLC, ET AL.** | **SECTION: "H"** |

### ORDER AND REASONS

Before the Court is Plaintiff Hex Stone Incorporated's Motion for Summary Judgment (Doc. 90). For the following reasons, the Motion is **GRANTED**.

### BACKGROUND

This matter arises from a dispute regarding the alleged breach of a maritime contract and subsequent liens. Plaintiff Hex Stone Inc. ("Hex Stone") owns the M/V MISS DIXIE (the "Miss Dixie"). At the relevant time, Hex Stone chartered the Miss Dixie to JRC Marine, LLC ("JRC") through a bareboat charter agreement (the "Bareboat Charter Agreement"). Pursuant to the Bareboat Charter Agreement, JRC was to pay Hex Stone $750 per day for five years. Ranny Fitch, owner, operator and manager of JRC, personally guaranteed redelivery of the Miss Dixie free and clear of liens. Plaintiff alleges that JRC failed to make payments under the Bareboat Charter Agreement, incurred liens on the vessel, and abandoned the Miss Dixie at a shipyard in Houma 10 months into the charter, prompting it to file suit.

There are several liens on the vessel at issue in this case. On November 13, 2018, Larry Fitch filed a Notice of Claim of Lien with the U.S. Coast Guard against the Miss Dixie in the amount of $18,000. On October 7, 2019, NRE Power Systems, Inc. ("NRE") filed a Notice of Claim of Lien with the U.S. Coast Guard against the M/V Miss Dixie in the amount of $18,102.41.[1] On October 18, 2019, Ranny Fitch filed a Notice of Claim of Lien with the U.S. Coast Guard against the M/V Miss Dixie in the amount of $4,000,000.

This case was transferred to this Court from the United States District Court for the Eastern District of Missouri on August 22, 2019. The matter was then transferred to this section because of its relation to another case before this Court, *Louisiana Marine Operators, LLC v. JRC Marine, LLC*.[2] In its First Amended Complaint, Plaintiff brings claims for breach of contract against JRC; personal guarantee claims against Ranny Fitch; quiet title against Larry Fitch, Ranny Fitch, and JRC; and improper notice of claim of lien against Larry Fitch, Ranny Fitch, and JRC.

On June 30, 2021, Hex Stone and the Miss Dixie *in rem* moved this Court to stay the matter pending the resolution of bankruptcy proceedings filed by Ranny Fitch.[3] The Court granted the motion, and the matter was stayed.[4] After a telephone status conference held on September 6, 2022, the Court ordered that the parties exchange all relevant information and make all attempts to resolve the remaining issues.[5] On February 4, 2024, Larry Fitch filed a Stipulation for Quiet Title wherein he expressly withdrew his and NRE's liens on the Miss Dixie.[6]

---

[1] Larry Fitch's company, Chester J. Marine, LLC was assigned the NRE lien. Doc. 90-6.
[2] Add case number
[3] Doc. 80.
[4] Doc. 81.
[5] Doc. 87.
[6] Doc. 89

Now, Plaintiff moves for summary judgment[7], asking the Court to invalidate and strike from the records of the United States Coast Guard National Vessel Documentation Center the liens asserted by Defendants and quiet the title of the Miss Dixie in its owner, Plaintiff. An Opposition was filed by Larry Fitch and JRC Marine in which no position was taken as to the former, and only a formal opposition without reasons was offered by the latter.[8] The Court may not, however, simply grant the instant motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[9]

## **LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[11] Nevertheless, a dispute about a material fact is "genuine" such that summary judgment is inappropriate "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[12]

---

[7] Before the Court consider Plaintiff's instant Motion, the Court ordered Plaintiff to move to lift the stay it previously ordered. Doc. 92. Plaintiff filed a Motion to Lift Stay supported by documentation from the United States Bankruptcy Court for the Southern District of Texas that states Ranny Fitch's case was closed. Doc. 93. The Court granted the motion. Doc. 94.

[8] Doc. 91.

[9] *See, e.g.*, Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).

[10] FED. R. CIV. P. 56.

[11] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[12] *Id.* at 248.

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[13] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[14] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[15]

"In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial."[16] The Court does "not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[17] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[18]

## LAW AND ANALYSIS

Plaintiff moves this Court to invalidate and strike from the records of the United States Coast Guard National Vessel Documentation Center the

---

[13] Coleman v. Hous. Indep. Sch. Dist., 113 F.3d 528, 533 (5th Cir. 1997).
[14] Engstrom v. First Nat'l Bank, 47 F.3d 1459, 1462 (5th Cir. 1995).
[15] Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
[16] Johnson v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).
[17] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 393–94 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[18] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

liens asserted by Defendants Larry Fitch, NRE, JRC Marine, and Ranny Fitch and to quiet the title of the Miss Dixie in its owner.

## I.  Larry Fitch & NRE

In his Stipulation for Quiet Title, Defendant Larry Fitch stated:

> COMES NOW Defendant/claimant Larry Fitch, individually and as representative of Chester J. Marine, LLC, and as owner of the lien asserted by NRE Power Systems, Inc., and hereby stipulates that all liens asserted by Larry Fitch individually and on behalf of Chester J. Marine, LLC, and by NRE Power Systems, Inc. have been satisfied and are hereby withdrawn, and he, individually and on behalf of Chester J. Marine, LLC and NRE Power Systems, Inc., hereby stipulates that Hex Stone, Inc is entitled to quiet title to the M/V MISS DIXIE as against all others.[19]

Considering this Stipulation and his representations in the Opposition regarding his settlement with Plaintiff, the Court finds that the claims filed by Larry Fitch and NRE for $18,000 and $18,102.41, respectively, against the Miss Dixie have been satisfied and should be stricken from the records of the United States Coast Guard National Vessel Documentation Center.

## II.  Ranny Fitch

In its Motion, Plaintiff asserts that "as to the lien by JRC Marine and/or its principal Ranny Fitch, that lien is in violation of an explicit provision of the Charter Agreement, is not for necessaries provided to a vessel, and was filed on behalf of Ranny Fitch individually which, as this Court found in a related case, renders that lien invalid."[20]

In *Louisiana Marine Operators, LLC v. JRC Marine, LLC*, Louisiana Marine Operators, LLC ("LMO"), a party to the same Bareboat Charter Agreement at issue in the instant matter, sued the operator of the Miss Dixie at the time, JRC, *in personam*, and the Miss Dixie, *in rem*, for damages after

---

[19] Doc. 89.
[20] Doc. 90-1 at 1.

5

some of the barges in LMO's care were damaged in a collision with the Miss Dixie that took place in February 2019.[21] LMO moved for summary judgment, asking this Court for the same relief that Hex Stone seeks here: that the Court declare Ranny Fitch's $4,000,000 lien on Miss Dixie null and void and order it to be stricken from the record of the United States Coast Guard National Vessel Documentation Center.[22] This Court found that because "Fitch is not a 'person providing necessaries to a vessel,' the lien is invalid."[23] As such, this Court held that with no legal support for Fitch's claims, "the lien as filed in the records of the United States Coast Guard National Vessel Documentation Center is indisputably invalid."[24] Accordingly, the Court adopts its holding from *Louisiana Marine Operators, LLC* that Ranny Fitch and JRC's lien against the Miss Dixie is invalid and should be stricken from the records of the United States Coast Guard National Vessel Documentation Center.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment is **GRANTED**.

**IT IS ORDERED** that the Notice of Claim of Lien filed by Larry Fitch in the amount of $18,000 against the Miss Dixie shall be **STRICKEN** from the records of the United States Coast Guard National Vessel Documentation Center.

**IT IS FURTHER ORDERED** that the Notice of Claim of Lien filed by NRE Power Systems, Inc. in the amount of $18,102.41 against the Miss Dixie

---

[21] Louisiana Marine Operators, LLC v. JRC Marine, LLC, No. 19-9302, Complaint, Doc. 1.
[22] *Id.*, Order and Reasons, Doc. 29 at 4.
[23] *Id.* at 4.
[24] *Id.*

shall be **STRICKEN** from the records of the United States Coast Guard National Vessel Documentation Center.

  **IT IS FURTHER ORDERED** that the Notice of Claim of Lien filed by Ranny Fitch in the amount of $4,000,000 against the Miss Dixie shall be **STRICKEN** from the records of the United States Coast Guard National Vessel Documentation Center.

  New Orleans, Louisiana this 25th day of July, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**